### THOMAS H. YOUNG *v.* CHARLES PATTERSON.

After a judgment by default, no dilatory plea can be received.

In an action against the endorser of a note, the signature of the maker need not be proved.

In an action against the endorser of a note, the notary who had protested it, certified, that he had left notices of the protest at the counting-house of defendant, in a letter addressed to him, handed to a clerk of competent age, there employed. A witness introduced by defendant swore, that he was the only clerk of the latter at the maturity of the note, and that he never received any notice of protest. *Per Curiam:* This does not destroy the effect of the notary's certificate. The notice was enclosed in a letter, which it must be presumed was sealed, and the witness thus prevented from knowing its contents.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.

*Parkhill,* for the plaintiff, cited *Manadue* v. *Kitchen and others,* 3 Robinson, 261.

*Schmidt* and *Roselius,* for the appellant.

MARTIN, J. The defendant is appellant from a judgment against him, as endorser of two promissory notes. He resisted the claim on the ground, that he was not legally cited; that no protest is annexed to the petition; that he has a right to oyer of the protests, and is not bound to answer until oyer be given; that, at the maturity of the notes, they were the property of the Merchants' Bank, which does not appear to have legally transfered its right thereto; that there was no legal protest, or notice; that he was discharged by the plaintiff, having given time to the maker; that the Merchants' Bank is an insolvent corporation, which cannot recover without the intervention of the com-

missioners appointed for the liquidation of its affairs; and that the plaintiff is merely a nominal one, and a man of straw.

The plaintiff filed an amended petition, stating his christian name at full length, the initials of which only preceded his surname in the petition ; and that the notes are specially endorsed by John Bellow, junior, and J. H. Young, cashier.

The sheriff returned on the back of the citation, that he served it on the defendant in person. The title of the suit in the citation is, "*J. H. Young* v. *C. Patterson.*" The amended petition gives us the christian name of ths plaintiff at full length. John Bellow, called by the defendant, deposed that he drew the notes sued on, and made some payments, as they became due ; he thinks Copland told him the notes belonged to the agency of the Bank of the United States at New York. Copland acted as assistant cashier of the Merchants' Bank at New Orleans, and said the notes were sent to him for collection. Copland said he would receive notes of the Bank of the United States in payment; and, being asked whether he could give an extension of time, said he must write to New York for orders, and that he was directed to send the notes back, if they were not paid.

Copland, a witness of the defandant, deposed, that he was cashier of the Merchants' Bank at the maturity of the notes, and that the latter was the agent of the Bank of the United States. Young was cashier of the Bank of the United States at New York, and sent the notes to Copland for collection. After protest, they were sent back to New York, and they were returned to him for collection from defendant, with whom he made arrangements to pay them by instalments; after which, partial payments were received. No arrangement was made with the maker of the notes to give him time.

The defendant stated in the same instrument, what he urges as exceptions, and in his plea to the merits. A new citation was served on him after the amendment of the petition. The protest of the notes are on file. The document which contains the defendant's exception and answer, was filed after a judgment by default had been taken, which precluded him from a resort to a dilitory plea. The first judge expressed his opinion that the amended petition had supplied the exigencies of the ex-

ceptions. It does not appear to us that he erred in giving judgment for the plaintiff. The defendant did not deny his signature. That of the maker of a note which he had endorsed, need not have been proven. Nothing shows that the Merchants' Bank had any interest in the notes; that of the Bank of the United States had been transferred by their cashier in New York to Copland, who had endorsed them to the present plaintiff.

The notary has certified that he left notices of the protest of the note at the counting-house of the defendant, in a letter addressed to him, handed to a clerk of competent age, there employed. The defendant introduced a witness who has sworn that he was the only clerk of the defendant at the maturity of the note, and that he never received any notice of protest. This does not destroy the effect of the notary's certificate. The notice was enclosed in a letter, which we must presume to have been sealed, whereby the witness was prevented from knowing its contents. There is no evidence of any extension of the time of payment to the makers.

*Judgment affirmed.*